**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TROY A. EIERMANN, JR.** | * | **CIVIL ACTION NO. 26-909** |
| *Plaintiff,* | * | |
| | * | **JUDGE :** |
| **VERSUS** | * | |
| | * | **MAG.          DIV.** |
| **CITY OF KENNER** | * | |
| **KENNER POLICE DEPARTMENT** | * | |
| *Defendants* | * | |
| | * | **JURY TRIAL REQUESTED** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**COMPLAINT FOR DAMAGES**</u>
<u>**AND DEMAND FOR TRIAL BY JURY**</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Troy A.

Eiermann, Jr., and states the following:

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in Kenner, Louisiana.

1

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

## II. ADMINISTRATIVE EXHAUSTION

4. Plaintiff timely filed a Charge of Discrimination 461-2024-03559 with the Equal Employment Opportunity Commission on December 16, 2024, alleging disability discrimination and failure to accommodate.[1] The claims asserted herein are within the scope of that charge or are reasonably related to the allegations therein. Plaintiff has satisfied all administrative prerequisites to suit, or alternatively, such prerequisites have been constructively satisfied by the passage of time.

5. A Notice of Right to Sue was Issued on February 3, 2026 for EEOC Charge 461-2024-03559.[2]

## III. Parties

6. Plaintiff, **Troy Eiermann**, is a resident of Louisiana and was employed as a police officer with the Kenner Police Department.

7. Defendant, **City of Kenner**, is a political subdivision of the State of Louisiana and the employer of Plaintiff.

8. Defendant, **Kenner Police Department**, is an agency of the City of Kenner responsible for employment decisions affecting Plaintiff.

## IV. Facts

9. Plaintiff was employed as a police officer and was subject to Louisiana civil service protections.

10. On August 11, 2023, Plaintiff injured his right shoulder while off duty.

---

[1] Exhibit 1- EEOC Charge
[2] Exhibit 2- Notice of Right to Sue

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

11. Plaintiff was placed on extended medical leave on August 12, 2023.

12. On May 23, 2024 he had a second surgery for his injury and notified Human Resources that he would have an update as to his recovery on August 27, 2024.

13. On or about August 16, 2024, Plaintiff was notified of a meeting with upper administration scheduled for August 20, 2024, without being provided meaningful information regarding the purpose of the meeting.

14. Prior to the meeting, Plaintiff was assured by a superior officer that the meeting was merely to "check in" regarding his recovery.

15. On August 20, 2024, Plaintiff met with the Deputy Chief, a Captain, and Human Resources personnel.

16. During that meeting, Plaintiff was informed *for the first time* that his "365-day civil service medical leave" had expired and that the department's "hands were tied."

17. Plaintiff was presented with a "separation" form and told he was not being terminated, but "separated" and he could return only as a new hire.

18. The decision to separate would go into effect regardless of whether he signed the document.

19. When Plaintiff asked whether he could use accrued leave (approximately 34 twelve-hour vacation days) to avoid separation, but the request was denied.

20. Plaintiff also raised FMLA protections, but administrators admitted they lacked knowledge regarding its application.

21. Plaintiff asked for a reasonable accommodation and to return to work light duty.

22. Defendants stated that light duty was no longer permitted, allegedly due to prior administrative concerns.

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

23. Defendants failed to engage in the interactive process.

24. Plaintiff requested time to review the document with counsel before signing.

25. In response, Human Resources pressured Plaintiff to sign immediately and indicated that failure to sign could result in "termination" instead of "separation."

26. The administration stated that "separation" effectively meant resignation.

27. Plaintiff refused to sign under pressure and requested legal review.

28. Plaintiff was instructed to return the following day with equipment and finalize separation.

29. At no time prior to this action was Plaintiff, given formal written charges, provided notice of alleged deficiencies, afforded a pre-deprivation hearing, or given an opportunity to respond to the decision.

30. The decision to remove Plaintiff from employment was made before any meaningful process was provided.

31. At no time was the possibility of a reasonable accommodation discussed in full and Defendants failed to engage in the interactive process.

32. The City's actions were based on a purported policy of civil service leave rules that administrators admitted were "new" to them.

33. The City failed to engage in any individualized assessment of Plaintiff's ability to return to work or reasonable accommodations.

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

## V. Causes of Action
## COUNT I – VIOLATION OF PROCEDURAL DUE PROCESS
## (42 U.S.C. § 1983)

34. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

35. At all relevant times, Plaintiff possessed a constitutionally protected property interest in his continued employment as a civil service police officer under Louisiana law.

36. The Fourteenth Amendment prohibits a state actor from depriving an individual of a protected property interest without due process of law.

37. In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), the United States Supreme Court held that a public employee with a property interest in employment is entitled, prior to termination, to notice of the charges, an explanation of the employer's evidence, and an opportunity to respond.

38. The United States Court of Appeals for the Fifth Circuit has consistently applied *Loudermill*, holding that even minimal pre-termination procedures must be provided *before* a deprivation occurs. See *Browning v. City of Odessa*, 990 F.2d 842, 844 (5th Cir. 1993).

39. Defendants deprived Plaintiff of his employment without providing any meaningful constitutionally adequate pre-deprivation process.

40. Specifically, Plaintiff was not provided with written advanced notice of any charges, expiration of sick leave, nor was he informed of any alleged deficiencies

5

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

warranting removal, and was not given a meaningful opportunity to respond prior to the decision to separate him from employment.

41. Instead, Defendants informed Plaintiff that his separation would occur regardless of whether he signed the proffered document and that the decision had already been made.

42. The meeting held on August 20, 2024, did not constitute a meaningful opportunity to respond but was merely a formality following a predetermined outcome.

43. The Fifth Circuit has held that when an employer presents a pre-determined decision without a genuine opportunity to respond, the process is constitutionally deficient. See *McKinney v. Pate*, 20 F.3d 1550, 1562 (11th Cir. 1994) (recognized by the Fifth Circuit for the principle that sham proceedings do not satisfy due process).

44. Defendants' conduct was undertaken under color of state law and pursuant to official policy, custom, or decision-making authority.

45. As a direct and proximate result of these actions, Plaintiff suffered loss of employment, loss of income and benefits, and other damages.

46. A constructive discharge occurs when working conditions are so intolerable that a reasonable employee would feel compelled to resign.

47. The Fifth Circuit has held that constructive discharge exists where an employer's actions leave an employee with no meaningful choice but to resign. See *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994).

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

48. During the August 20, 2024 meeting, Defendants presented Plaintiff with a "separation" form and informed him that the separation would occur regardless of whether he signed it.

49. Defendants further indicated that failure to sign could result in termination and acknowledged that "separation" effectively meant resignation.

50. Plaintiff was pressured to sign the document immediately and was discouraged from seeking legal review.

51. Defendants' conduct deprived Plaintiff of any meaningful choice and placed him in a coercive position where resignation was the only viable option.

52. The Fifth Circuit recognizes that resignation under threat of termination or under misleading circumstances is not voluntary. See *Fowler v. Carrollton Pub. Library*, 799 F.2d 976, 980 (5th Cir. 1986).

53. Under these circumstances, Plaintiff's separation constitutes a constructive discharge.

54. As a direct result, Plaintiff suffered economic and non-economic damages.

## COUNT II – DISCRIMINATION AND FAILURE TO ACCOMMODATE UNDER THE ADA

55. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

56. Plaintiff suffered from a medical condition that substantially limited one or more major life activities, thereby qualifying as a disability under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

57. Plaintiff was a qualified individual with a disability because he could perform the essential functions of his position with reasonable accommodation.

7

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

58. Defendants were aware of Plaintiff's medical condition and his need for accommodations.

59. Under the ADA, an employer may not discriminate against a qualified individual on the basis of disability and must provide reasonable accommodations unless doing so would impose an undue hardship. 42 U.S.C. § 12112(a), (b)(5)(A).

60. The Fifth Circuit has held that a reasonable accommodation may include medical leave or extension of leave where it enables the employee to return to work. See *Feist v. Louisiana, Dep't of Justice*, 730 F.3d 450, 452 (5th Cir. 2013).

61. Plaintiff requested reasonable accommodations, including the use of accrued leave and consideration of light duty status.

62. Other employees received light duty when injured.

63. Defendants denied these requests without engaging in any interactive process.

64. The Fifth Circuit requires employers to engage in a good faith interactive process to determine appropriate accommodations. See *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009).

65. Defendants admitted they lacked knowledge regarding FMLA and related leave protections and failed to investigate Plaintiff's eligibility or rights.

66. Defendants further refused to allow Plaintiff to use accrued leave that could have extended his employment and permitted recovery.

67. The Fifth Circuit has recognized that failure to consider available leave as an accommodation may constitute discrimination under the ADA. See *Amsel v. Texas Water Dev. Bd.*, 464 F. App'x 395, 399 (5th Cir. 2012).

8

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

68. Additionally, Defendants enforced a blanket policy against light duty assignments, which constitutes an impermissible failure to engage in individualized assessment.

69. As a direct result of Defendants' actions, Plaintiff was removed from employment because of his disability and/or need for accommodation.

70. Plaintiff suffered damages including lost wages, benefits, and emotional distress.

## COUNT III – MUNICIPAL LIABILITY (Monell)

71. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

72. A municipality is liable under 42 U.S.C. § 1983 when the execution of its policy or custom inflicts a constitutional injury. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

73. The violations of Plaintiff's constitutional rights were caused by policies, customs, or practices of the City of Kenner.

74. These include, but are not limited to, failure to properly train supervisory personnel and human resources staff regarding:

   a. procedural due process requirements;

   b. civil service protections;

   c. statutory leave obligations; and

   d. disability accommodation requirements.

75. The Fifth Circuit has held that failure to train may serve as a basis for municipal liability where it reflects deliberate indifference. See *City of Canton v. Harris*,

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

489 U.S. 378, 388 (1989); *Hobart v. City of Stafford*, 784 F.3d 1041, 1046 (5th Cir. 2015).

76. Defendants' own admissions that they were unfamiliar with applicable rules and protections demonstrate a lack of training and deliberate indifference.

77. Additionally, the decision to classify Plaintiff's removal as a "separation" while treating it as a resignation reflects a policy or practice designed to circumvent constitutional safeguards.

78. The actions taken against Plaintiff were carried out by individuals with final policymaking authority, including command staff and human resources personnel.

79. These policies and decisions were the moving force behind the violations of Plaintiff's rights.

80. As a direct and proximate result, Plaintiff suffered the damages described herein.

## VI. Prayer for Relief

WHEREFORE, Plaintiff, Troy Eiermann, respectfully requests that this Court enter judgment in his favor and against Defendants, City of Kenner and Kenner Police Department, and grant full relief as allowed by law.

Plaintiff seeks an award of all compensatory damages available under federal law, including but not limited to back pay, front pay, lost benefits, and all other economic losses resulting from Defendants' unlawful conduct. Plaintiff further seeks recovery for non-economic damages, including emotional distress, mental anguish, and damage to reputation.

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

Plaintiff requests equitable relief in the form of reinstatement to his former position, or in the alternative, an award of front pay where reinstatement is not feasible. Plaintiff also seeks injunctive relief requiring Defendants to cease unlawful employment practices and to implement policies, training, and procedures that comply with constitutional and statutory requirements, including due process and disability accommodation obligations.

Plaintiff further seeks recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and all other applicable provisions of law. Finally, Plaintiff requests all such additional legal and equitable relief to which he may be justly entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully Submitted:

VASQUEZ LAW OFFICE

_____

Jessica Vasquez
400 Poydras Street, Ste. 900
New Orleans, LA 70130
T: 504/571.9582
F: 504/684.1449
jvasquez@vasquezlawoffice.com
*Attorney for Troy Eiermann*

11

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TROY A.EIERMANN, JR.** | * | **CIVIL ACTION NO.** |
| *Plaintiff,* | * | |
| | * | **JUDGE :** |
| **VERSUS** | * | |
| | * | **MAG.        DIV.** |
| **CITY OF KENNER AND** | * | |
| **KENNER POLICE DEPARTMENT** | * | |
| *Defendants* | * | |
| | * | **JURY TRIAL REQUESTED** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## **VERIFICATION**

Under penalty of perjury, I have reviewed the fact allegations set forth above and

they are true and correct to the best of my knowledge.

Date: April __28_ , 2026                    _____

                                                    **TROY A.EIERMANN, JR.**

Doc ID: 5fd52c2c6e106f080d9fc2918675e1f8cd37169e